RICHARD T. BOWLES (#46234)
JEREMY C. BERLA (#267331)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
        jberla@bowlesverna.com

Attorneys for Defendant
LESLIE C. JACOBSON, TRUSTEE OF THE
LESLIE C. JACOBSON REVOCABLE INTER-VIVOS
TRUST AGREEMENT DATED JUNE 18, 1991

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>385 BEL MARIN COMMERCIAL BUILDING aka LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991,<br><br>            Defendant. | **CASE NO.: CV-09-05293-CW**<br><br>**STIPULATION AND [PROPOSED] ORDER RE: PLAINTIFF'S FIRST AMENDED COMPLAINT AND TRIAL BY JURY** |

Plaintiff Craig Yates ("Plaintiff") and Defendant Leslie C. Jacobson, Trustee of the Leslie C. Jacobson Revocable Inter-Vivos Trust Agreement Dated June 18, 1991 ("Defendant") through their undersigned counsel of record, hereby STIPULATED AND AGREED as follows, and jointly request that the Court issue the following Stipulated Order:

1.    Defendant consents to Plaintiff filing its proposed First Amended Complaint for Injunctive Relief and Damages, a true and correct copy of which is attached hereto as **Exhibit A**.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

1                           CASE NO.: CV-09-05293-CW
STIPULATION AND [PROPOSED] ORDER RE: PLAINTIFF'S FIRST AMENDED COMPLAINT AND
TRIAL BY JURY

2.     Defendant agrees to have its Answer to Plaintiff's Complaint for Injunctive Relief and Damages, filed on January 19, 2010, serve as Defendant's Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Damages.

3.     Defendant agrees to forego its right to request a court stay and/or early evaluation conference under California Civil Code § 55.54(b)(1).

4.     Plaintiff and Defendant agree that the above-captioned matter will be tried by a jury.

IT IS SO STIPULATED.

DATED:  September 8, 2011                        BOWLES & VERNA LLP


                                                By: ___/s/ Jeremy C. Berla_____
                                                    Jeremy C. Berla
                                                    Attorneys for Defendant


DATED:  September 8, 2011                        THOMAS E. FRANKOVICH, A
                                                PROFESSIONAL LAW CORPORATION


                                                By: ___/s/ Thomas E. Frankovich_____
                                                    Thomas E. Frankovich
                                                    Attorneys for Plaintiff


## [PROPOSED] ORDER

The Court, having read and considered the stipulation of the parties, and for good cause shown, hereby ORDERS that:

1.     Plaintiff may file its proposed First Amended Complaint for Injunctive Relief and Damages, a true and correct copy of which is attached hereto as **Exhibit A**.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2                         CASE NO.: CV-09-05293-CW
STIPULATION AND [PROPOSED] ORDER RE: PLAINTIFF'S FIRST AMENDED COMPLAINT AND
TRIAL BY JURY

2.     Defendant's Answer to Plaintiff's Complaint for Injunctive Relief and Damages, filed on January 19, 2010, will serve as Defendant's Answer to Plaintiff's First Amended Complaint for Injunctive Relief and Damages.

3.     Defendant is precluded from requesting a court stay and/or early evaluation conference under California Civil Code § 55.54(b)(1).

4.     The above-captioned matter will be a jury trial.

IT IS SO ORDERED.

Dated:   **9/9/2011**

Hon. Claudia Wilken
United States District Judge

3                           CASE NO.: CV-09-05293-CW

STIPULATION AND [~~PROPOSED~~] ORDER RE: PLAINTIFF'S FIRST AMENDED COMPLAINT AND TRIAL BY JURY

1

**PROOF OF SERVICE**
**(Yates v. 385 Bel Marin Commercial Building; Case No. CV 09-5293 CW)**

2

3    I, the undersigned, declare as follows: I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

4

5    On September 8, 2011, I served the following document(s):

6    STIPULATION AND [PROPOSED] ORDER RE: PLAINTIFF'S FIRST AMENDED COMPLAINT AND TRIAL BY JURY

7    on the following parties in this action addressed as follows:

8    *Attorneys for Craig Yates*
**Thomas E. Frankovich**

9    Thomas E. Frankovich, PLC
4328 Redwood Highway

10   Suite 300
San Rafael, CA 94903

11   415-674-8600
Fax: 415-674-9900

12   Email: tfrankovich@disabilitieslaw.com

13

14   ___  *(BY MAIL) I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at Walnut Creek, California. I am readily familiar with the business practice for collection and processing of mail in this*

15   *office. That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in Walnut Creek on that same day. I understand that service shall be presumed invalid upon motion of a party served if*

16   *the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.*

17   _XXX_  *(BY EMAIL OR ELECTRONIC TRANSMISSION) I caused each such person to be served via electronic mail at the email addresses listed above or via the Court's ECF System.*

18   ___  *(BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to each addressee above.*

     ___  *(BY OVERNIGHT DELIVERY) I caused each envelope, with delivery fees provided for, to be deposited in a box*

19   *regularly maintained by UPS/FEDERAL EXPRESS. I am readily familiar with Bowles & Verna's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's*

20   *business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS/FEDERAL EXPRESS or delivered to an authorized courier or driver authorized by UPS/FEDERAL EXPRESS to*

21   *receive documents on the same date that it is placed at Bowles & Verna for collection.*

     ___  *(BY FACSIMILE) By use of facsimile machine number (925) 935-0371 or (925) 256-1755, I served a copy of the*

22   *within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile*

23   *machine.*

24   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 8, 2011, at Walnut Creek, California.

25

26   ___/s/ Erica L. Dorrington___
ERICA L. DORRINGTON

27

28

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

{00275048.DOC; 1}

# EXHIBIT A

1 THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: 415/674-8600
4 Facsimile: 415/674-9900

5 Attorneys for Plaintiff
6 CRAIG YATES, an individual

7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual, )  CASE NO. CV-09-5293-CW
)  <u>Civil Rights</u>
11        Plaintiff, )
)  **FIRST AMENDED COMPLAINT FOR**
12 )  **INJUNCTIVE RELIEF AND DAMAGES:**
)
13 v. )
)  **1st CAUSE OF ACTION:** For Denial of Access
14 385 BEL MARIN COMMERCIAL )  by a Public Accommodation in Violation of the
BUILDING a.k.a., LESLIE C. JACOBSON, )  Americans with Disabilities Act of 1990 (42
15 TRUSTEE OF THE LESLIE C. )  U.S.C. §12101, *et seq.*)
JACOBSON REVOCABLE INTER-VIVOS )
16 TRUST AGREEMENT DATED JUNE 18, )  **2nd CAUSE OF ACTION:** For Denial of Full
1991, )  and Equal Access in Violation of California
17 )  Civil Code §§54, 54.1 and 54.3
)
18        Defendant. )  **3rd CAUSE OF ACTION:** For Denial of
)  Access to Full and Equal Accommodations,
19        Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
20        §51, *et seq.* (The Unruh Civil Rights Act)

21

22

23        **DEMAND FOR JURY**

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1       Plaintiff CRAIG YATES, an individual, complains of defendant LESLIE C.

2 JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS

3 TRUST AGREEMENT DATED JUNE 18, 1991, dba 385 BEL MARIN COMMERCIAL

4 BUILDING and alleges as follows:

5 **INTRODUCTION:**

6       1.     This is a civil rights action for discrimination against persons with physical

7 disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

8 for failure to remove architectural barriers structural in nature at defendants' 385 BEL MARIN

9 COMMERCIAL BUILDING, a place of public accommodation, thereby discriminatorily denying

10 plaintiff and the class of other similarly situated persons with physical disabilities access to, the

11 full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

12 services, and accommodations thereof. Plaintiff seeks damages pursuant to the Americans with

13 Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et*

14 *seq.*

15       2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16 April 24, 2009, April 26, 2009, April 27, 2009, April 29, 2009, June 29, 2009, August 5, 2009,

17 August 17, 2009, September 14, 2009, October 18, 2009, October 31, 2009, February 11, 2010,

18 February 3, 2011 and February 10, 2011, was an invitee, guest, patron, customer at defendant's

19 385 BEL MARIN COMMERCIAL BUILDING, in the City of Novato, California. At said times

20 and place, defendant failed to provide proper legal access to the building and other public

21 accommodations therein, which is a "public accommodation" and/or a "public facility"

22 including, but not limited to signage, entrances, restrooms, ramping, parking. The denial of

23 access was in violation of both federal and California legal requirements, and plaintiff CRAIG

24 YATES suffered violation of his civil rights to full and equal access, and was embarrassed and

25 humiliated.

26 ///

27 ///

28 ///

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 385 Bel Marin Keys Boulevard, in the City of Novato, County of Marin, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.   **DEFINITIONS:**

    a.   **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

    b.   **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table.

Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification.

http://www.ada.gov/smbustxt.htm

    c.   **ELEMENTS** - An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

    d.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

    e.   **FACILITY** - All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

///

///

///

f.   **ENTRANCE** - Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s) , and the hardware of the entry door(s) or gate(s).

g.   **CLEAR FLOOR SPACE** - The minimum unobstructed floor or ground space required to accommodate a singe, stationary wheelchair and occupant.

h.   **ACCESSIBLE ROUTE** - A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

i.   **ACCESSIBLE SPACE/PATH OF TRAVEL** - Space that complies with ADAAG guidelines.

j.   **NON COMPLYING** - Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 34.306.

7.   Defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991 (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as 385 BEL MARIN COMMERCIAL BUILDING, located at/near 385 Bel Marin Keys Boulevard, Novato, California, or of the building and/or buildings which constitute said public accommodation.

1      8.    At all times relevant to this complaint, defendant LESLIE C. JACOBSON,

2  TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST

3  AGREEMENT DATED JUNE 18, 1991, owns and operates in joint venture the subject 385 BEL

4  MARIN COMMERCIAL BUILDING as a public accommodation. This business is open to the

5  general public and conducts business therein. The business is a "public accommodation" or

6  "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

7  and the ADA, 42 U.S.C. §12101, *et seq.*

8      9.    At all times relevant to this complaint, defendant LESLIE C. JACOBSON,

9  TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST

10  AGREEMENT DATED JUNE 18, 1991 is jointly and severally responsible to identify and

11  remove architectural barriers at the subject 385 BEL MARIN COMMERCIAL BUILDING

12  pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

13  part:

14        **§ 36.201     General**

15            (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
16        accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
17        requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
18        be determined by lease or other contract.

19        28 CFR §36.201(b)

20  **PRELIMINARY FACTUAL ALLEGATIONS:**

21      10.    The 385 BEL MARIN COMMERCIAL BUILDING, is a public accommodation

22  comprised of other public accommodations such as: Bay Area Computer Systems of America,

23  Carlos Ramirez Custom Upholstery, Fashion Shoe Repair, Fast Blinds, Arun Thai formerly

24  Happy Garden Restaurant, Project Avary, San Francisco Shade Company and Trin Hong Real

25  Estate, located at/near 385 Bel Marin Keys Boulevard, Novato, California. The 385 BEL

26  MARIN COMMERCIAL BUILDING, its signage, entrances, restrooms, ramping, parking, and

27  its other facilities are each a "place of public accommodation or facility" subject to the barrier

28  removal requirements of the Americans with Disabilities Act.

1   On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

2   structural repairs and additions," each of which has subjected the 385 BEL MARIN

3   COMMERCIAL BUILDING and each of its facilities, its signage, entrances, restrooms, ramping,

4   and parking to disability access requirements per the Americans with Disabilities Act

5   Accessibility Guidelines (ADAAG), and the California Building Code.

6          11.    On or about January 2002, defendant and each of them purchased and/or

7   took possessory control of the premises now known as 385 BEL MARIN COMMERCIAL

8   BUILDING. At all times prior thereto, defendants' and each of them were aware of their

9   obligation prior to the close of escrow, or upon taking possessory interest that public

10  accommodations had a duty to identify and remove architectural barriers and were aware that 385

11  BELL MARIN COMMERCIAL was not accessible to the disabled. Nevertheless, defendants'

12  and each of them, operated the commercial building as though it was accessible.

13         12.    At all times stated herein, defendants' and each of them with the knowledge that

14  each of them had a continuing obligation to identify and remove architectural barriers where it

15  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

16  compliant access to the subject accommodation.

17         13.    At all times referred to herein and continuing to the present time, defendants, and

18  each of them, advertised, publicized and held out the Bay Area Computer Systems of America,

19  Carlos Ramirez Custom Upholstery, Fashion Shoe Repair, Fast Blinds, Happy Garden

20  Restaurant now known as Arun Thai, Project Avary, San Francisco Shade Company and Trin

21  Hong Real Estate as being handicapped accessible and handicapped usable.

22         14.    On or about April 24, 2009, April 26, 2009, April 27, 2009, April 29, 2009, June

23  29. 2009. August 5, 2009. August 17, 2009, September 14, 2009, October 18, 2009, October 31,

24  2009, February 11, 2010, February 3, 2011 and February 10, 2011, plaintiff CRAIG YATES was

25  an invitee and guest at the subject 385 BEL MARIN COMMERCIAL BUILDING, for purposes

26  of having food and drinks, having a computer worked on, and determining if he could avail

27  himself of the services of a Realtor.

28  ///

15.    Plaintiff CRAIG YATES believes that defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, delivered the premises known as Happy Garden Restaurant with a make shift restroom for the disabled.

16.    On or about April 30, 2009, plaintiff CRAIG YATES wrote letters to the landlords and the tenants of Bay Area Computer System of America and Happy Garden Restaurant.

17.    On or about May 7, 2009, defendant, LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, the ostensible owner of 385 BEL MARIN COMMERCIAL BUILDING, responded by letter. In substance, the letter stated that an architect was hired, a survey was being done and that the remedial repairs would be done as soon as possible.

18.    By letter of May 19, 2009, plaintiff CRAIG YATES wrote back and asked for a copy of the survey. Plaintiff CRAIG YATES further stated that the scope of the work was not difficult and asked whether the work would be finished by the end of June or July. Plaintiff CRAIG YATES never received a response.

19.    On or about April 24, 2009, plaintiff CRAIG YATES patronized the 385 BELL MARIN COMMERCIAL BUILDING. Specifically, plaintiff CRAIG YATES patronized the Happy Garden.

20.    On or about April 24, 2009, plaintiff CRAIG YATES enters the parking area for 385 BEL MARIN COMMERCIAL BUILDING. Plaintiff CRAIG YATES encountered a parking area void of any disabled parking signage or van accessible parking stall(s). Plaintiff was compelled to park in a regular parking space and cross a vehicular path of travel. This posed a dangerous condition.

21.    At said time and place, plaintiff CRAIG YATES power wheeled to the entrance facing Bel Marin Street. Plaintiff CRAIG YATES saw an ISA symbol of access adjacent to the door. The door was locked. There was a sign that stated in substance: "use side entrance" with arrow. This posed a dangerous condition. The direction was down the building's sidewalk to an abrupt six (6) inch curb and corresponding drop.

22.    At said time and place, plaintiff CRAIG YATES power wheeled around the building. exposing himself to bodily and injury as he was in a vehicular path of travel.

23.    At said time and place, plaintiff CRAIG YATES attempted to open the side entrance. Plaintiff CRAIG YATES encountered excessive door pressure this made it difficult for plaintiff CRAIG YATES to open the door and caused stress and strain.

24.    At said time and place, plaintiff CRAIG YATES needed to wash his hands. Plaintiff CRAIG YATES encountered a door with excessive door pressure and a door knob. It was difficult to open. Opening the door caused plaintiff stress and strain. Plaintiff CRAIG YATES entered the restroom. It was divided into two (2). Plaintiff CRAIG YATES went to the lavatory in the 1st half of the restroom and struggled and strained himself in doing a side approach to the lavatory and using the controls.

25.    At said time, plaintiff CRAIG YATES returned to the main dining room and saw that the primary door was blocked by potted plants and a table.

26.    On or about April 26, 2009, plaintiff CRAIG YATES returned to the 385 BEL MARIN COMMERCIAL BUILDING. Plaintiff CRAIG YATES could see that the primary door was blocked to Happy Garden. It would be a futile gesture to attempt to open a locked and blocked door. Plaintiff CRAIG YATES encountered a parking lot with no disabled parking signage or van accessible parking. Plaintiff was again placed in a danger as he power wheeled across the vehicular path of travel to the side entry door of Happy Garden. Plaintiff CRAIG YATES encountered the same excessive door pressure, making the door difficult to open as he stressed and strained in doing so. Plaintiff also encountered the restroom door. The door knob and excessive pressure of the door made it difficult for plaintiff to open. Plaintiff stressed and strained himself.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     At said time and place, while in the Happy Garden Restaurant, plaintiff CRAIG YATES encountered the second section of the restroom which had elements that were not accessible, to wit: the interior lavatory and water closet. Plaintiff stressed and strained himself in using these elements.

28.     On or about April 27, 2009, plaintiff CRAIG YATES patronized Bay Area Computer System of America. Plaintiff CRAIG YATES again encountered a parking lot void of any accessible parking element. Plaintiff was again placed in harms way passing through vehicular traffic to access the computer store. Plaintiff encountered a restroom that was not compliant. Plaintiff CRAIG YATES experienced discomfort and anxiety in not being able to use the restroom.

29.     On or about April 29, 2009, plaintiff CRAIG YATES encountered the same barriers and had the same difficulties as on April 27, 2009.

30.     On or about June 29, 2009, August 5, 2009, August 17, 2009, September 14, 2009, October 18, 2009, October 31, 2009, February 11, 2010, February 3, 2011 and February 10, 2011, plaintiff CRAIG YATES patronized the 385 BEL MARIN KEYS COMMERCIAL BUILDING. Plaintiff CRAIG YATES patronized Happy Garden. On each occasion, he encountered a parking lot with no handicap parking, placing him in harms way to cross a vehicular path of travel. Plaintiff Craig Yates encountered a side door entrance with excessive door pressure and a restroom with inaccessible elements such as the water closet and lavatory. All causing plaintiff CRAIG YATES difficulty, stress strain and discomfort.

31.     On or about February 11, 2010, plaintiff CRAIG YATES returned to the subject 385 BEL MARIN COMMERCIAL BUILDING and specifically Happy Garden Restaurant. All the remedial work to make the 385 BEL MARIN COMMERCIAL building accessible had been done with the exception of entry access to the restaurant. The front entrance was locked there was signage to use the side entrance. Plaintiff CRAIG YATES encountered this. It was confusing. Plaintiff then encountered excessive door pressure while struggling to open and enter the side entrance.

1      32.    On or about February 17, 2010, the liquor license for Happy Garden was

2 transferred to Manisara Chokmowh.

3      33.    On or about March 1, 2010, the Board of Equalization issued a permit to Arun

4 Ounekap.

5      34.    On or about February 23, 2010, a General Order 56 inspection was conducted by

6 the parties. All access issues were resolved with the exception of the front door and side

7 entrance. There was no directional signage.

8      35.    On or about but before February 3, 2011, the restaurant formerly known as

9 "Happy Gardens" had a name change to "Arun Thai."

10      36.    On or about February 3, 2011, plaintiff CRAIG YATES patronized Arun Tai.

11 This is approximately year after the parties conducted a General Order 56 inspection to identify

12 barriers and engage in remedial repairs. The front entrance was locked with directional signage

13 to use the side entrance. The direction pointed to the end of the sidewalk with a six (6) inch

14 drop. Plaintiff used the side entrance. Plaintiff attempts to enter through the side entrance.

15 Plaintiff encounters excessive door pressure making it difficult for him to enter.

16      37.    On or about February 10, 2011, plaintiff CRAIG YATES patronized Arun

17 Thai. The front entrance was locked. There was still a six (6) inch drop from the adjacent

18 sidewalk to the path of travel to the side entrance. Plaintiff CRAIG YATES went around the

19 building to the side entrance. Plaintiff was exposed to vehicular traffic. Again, plaintiff

20 encountered a door with excessive door pressure. Plaintiff CRAIG YATES struggled to gain

21 access.

22      38.    On or about February 16, 2011, plaintiff CRAIG YATES attended a mediation in

23 the subject case and complained to the defendant that the Arun Thai's primary entrance was not

24 accessible.

25      39.    On or about the afternoon of February 16, 2011, an investigator for plaintiff

26 CRAIG YATES confirmed that he, the investigator, inspected Arun Thai in the late afternoon of

27 that same day and confirmed that the primary entrance had been unlocked, plants moved and that

28 it was now the accessible entrance.

40. On or about April 8, 2011, May 25, 2011 and August 18, 2011, plaintiff CRAIG YATES patronized the 385 BEL MARIN COMMERCIAL BUILDING and Arun Thai.

41. At said time(s) and place, plaintiff CRAIG YATES had need to use a restroom. It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

42. Therefore, at said time(s) and place, plaintiff CRAIG YATES, encountered the following architectural barriers as stated herein or lack thereof "elements" and "facilities" which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel, i.e., entrances;

    b.    lack of the requisite type and number of disabled parking stall(s);

    c.    lack of disabled van accessible parking stall(s);

    d.    lack of handicapped accessible parking signage;

    e.    lack of tow-a-way signage;

    f.    lack of an accessible entrance and/or ramp on the west side of the subject building;

    g.    Lack of a compliant handicapped-accessible unisex public restroom in the Happy Garden Restaurant;

    h.    lack of signage, policies, procedures and guidelines to ensure the persons with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

    i.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible for use by plaintiff(s) and other persons with physical disabilities.

43. At all time(s) as stated herein, plaintiff CRAIG YATES encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

44. At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff CRAIG YATES from full and equal opportunities afforded to non disabled persons to the goods and services of the 385 BEL MARIN COMMERCIAL BUILDING and subject restaurants therein.

45. At said time(s) and place, when plaintiff CRAIG YATES encountered the architectural barriers as stated herein, plaintiff CRAIG YATES in attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, and fatigue. This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

46. Said architectural barrier(s) as stated herein deprived plaintiff CRAIG YATES the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject restaurants and other facilities of 385 BEL MARIN COMMERCIAL BUILDING.

47. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

48. On or about April 30, 2009 and May 19, 2009, defendant(s), the landlord, Bay Area Computer System of America and Happy Garden Restaurant were sent five (5) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. As stated herein, plaintiff CRAIG YATES engaged defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991 in correspondence but nothing came of plaintiff CRAIG YATES's efforts. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

49. At all times stated herein, defendant, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

50. As a legal result of defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

51. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

///
///

1  No claim is being made for mental and emotional distress over and above that usually associated

2  with the discrimination and physical injuries claimed, and no expert testimony regarding this

3  usual mental and emotional distress will be presented at trial in support of the claim for damages.

4       52.    Defendant's failure to remove the architectural barriers complained of herein

5  created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and

6  continues to create continuous and repeated exposure to substantially the same general harmful

7  conditions which caused plaintiff CRAIG YATES harm as stated herein.

8       53.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility

9  by defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON

10  REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, because

11  defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE

12  INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991 maintained several public

13  accommodations which encompassed 385 BEL MARIN COMMERCIAL BUILDING without

14  access for persons with physical disabilities to its facilities, including but not limited to the

15  signage, entrances, restrooms, ramping, parking, and other public areas as stated herein, and

16  continue to the date of filing this complaint to deny equal access to plaintiff and other persons

17  with physical disabilities in these and other ways.

18       54.    On information and belief, construction alterations carried out by defendant has

19  also triggered access requirements under both California law and the Americans with Disabilities

20  Act of 1990.

21       55.    On information and belief, defendants have intentionally undertaken to modify and

22  alter existing building(s), and have failed to make them comply with accessibility requirements

23  under the requirements of ADAAG and California Building Code.

24       56.    On information and belief, defendants have been negligent in their affirmative duty

25  to identify the architectural barriers complained of herein and negligent in the removal of some or

26  all of said barriers.

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

57. Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling defendants to make the 385 BEL MARIN COMMERCIAL BUILDING accessible to persons with disabilities.

58. Plaintiff, as described hereinbelow, seeks injunctive relief to require the 385 BEL MARIN COMMERCIAL BUILDING to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants are the landlords.

59. Plaintiff seeks damages for violation of his civil rights on April 24, 2009, April 26, 2009, April 27, 2009, April 29, 2009, June 29, 2009, August 5, 2009, August 17, 2009, September 14, 2009, October 18, 2009, October 31, 2009, February 11, 2010, February 3, 2011, and February 10, 2011, and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

60. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

61.    Because of defendant's violations, plaintiff and other persons with physical
disabilities are unable to use public facilities such as those owned and operated by defendant on a
"full and equal" basis unless such facility is in compliance with the provisions of the Americans
with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling the
defendant to make the 385 BEL MARIN COMMERCIAL BUILDING  accessible to persons with
disabilities.

62.    On information and belief, defendant has intentionally undertaken to modify and
alter existing building(s), and has failed to make them comply with accessibility requirements
under the requirements of ADAAG and Title 24.  The acts and omission of defendant, and each of
them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
out by defendant, and each of them, with a willful and conscious disregard for the rights and
safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
defendant, and each of them, to other operators and landlords of other commercial facilities that
are open to the public and other public facilities, and to punish defendant and to carry out the
purposes of the Civil Code §§ 51, 51.5 and 54.

63.    Plaintiff is informed and believes and therefore alleges that defendant LESLIE C.
JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS
TRUST AGREEMENT DATED JUNE 18, 1991, and each of them, caused the subject
building(s) which constitute the individual public accommodations to be constructed, altered and
maintained in such a manner that persons with physical disabilities were denied full and equal
access to, within and throughout said building(s) of the 385 BEL MARIN COMMERCIAL
BUILDING and were denied full and equal use of said public facilities.

///

///

///

1  Furthermore, on information and belief, defendant has continued to maintain and operate said

2  commercial facility and/or its building(s) in such conditions up to the present time, despite actual

3  and constructive notice to such defendants that the configuration of the individual public

4  accommodations and/or its building(s) is in violation of the civil rights of persons with physical

5  disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.

6  Such construction, modification, ownership, operation, maintenance and practices of such public

7  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

8  the ADA, 42 U.S.C. §12101, *et seq.*

9         64.    On personal knowledge, information and belief, the basis of defendant's actual and

10  constructive notice that the physical configuration of the facilities including, but not limited to,

11  architectural barriers constituting the Bay Area Computer Systems of America, Carlos Ramirez

12  Custom Upholstery, Fashion Shoe Repair, Fast Blinds, Happy Garden Restaurant now known as

13  Arun Thai, Project Avary, San Francisco Shade Company and Trin Hong Real Estate and/or

14  building(s) was in violation of the civil rights of persons with physical disabilities, such as

15  plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff

16  CRAIG YATES, himself, and businesses, notices they obtained from governmental agencies upon

17  modification, improvement, or substantial repair of the subject premises and other properties

18  owned by these defendants, newspaper articles and trade publications regarding the Americans

19  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

20  Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendant's

21  failure, under state and federal law, to make the 385 BEL MARIN COMMERCIAL BUILDING

22  accessible is further evidence of defendant's conscious disregard for the rights of plaintiff and

23  other similarly situated persons with disabilities.

24  ///

25  ///

26  ///

27  ///

28  ///

1  Despite being informed of such effect on plaintiff and other persons with physical disabilities due
2  to the lack of accessible facilities, defendant, and each of them, knowingly and willfully refused to
3  take any steps to rectify the situation and to provide full and equal access for plaintiff and other
4  persons with physical disabilities to the individual public accommodations that comprise the 385
5  BEL MARIN COMMERCIAL BUILDING. Said defendant, and each of them, have continued
6  such practices, in conscious disregard for the rights of plaintiff and other persons with physical
7  disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant had
8  further actual knowledge of the architectural barriers referred to herein by virtue of the demand
9  letter addressed to the defendant and served concurrently with the summons and complaint. Said
10 conduct, with knowledge of the effect it was and is having on plaintiff and other persons with
11 physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety
12 of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per
13 Civil Code §§52 and 54.3.

14      65.     Plaintiff CRAIG YATES and the disability community, consisting of persons with
15 disabilities, would, could and will return to the subject public accommodation when it is made
16 accessible to persons with disabilities.

17 **I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
           ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
18         DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
           (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant LESLIE C.
19         JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-
           VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, inclusive)
20         (42 U.S.C. §12101, *et seq.*)

21      66.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
22 the allegations contained in paragraphs 1 through 65 of this complaint.

23

24

25

26

27

28

67.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

68.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

69.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"). Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(B)(E) and (F)

70.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

71.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///

1

        (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied

2
services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services,

3
unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

4
privilege, advantage, or accommodation being offered or would result in an undue burden;

5

        (iv)    a failure to remove architectural barriers, and

6
communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

7

        (v)    where an entity can demonstrate that the removal of

8
a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or

9
accommodations available through alternative methods if such methods are readily achievable.

10

11  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

12  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

13  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

14  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

15       72.    The removal of the barriers complained of by plaintiff as hereinabove alleged was

16  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of 385 BEL

17  MARIN COMMERCIAL BUILDING pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On

18  information and belief, if the removal of all the barriers complained of herein together was not

19  "readily achievable," the removal of each individual barrier complained of herein was "readily

20  achievable." On information and belief, defendants' failure to remove said barriers was likewise

21  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

22  (b)(2)(A)(i)and (ii).

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

73. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

74. On information and belief, construction work on, and modifications of, the subject building(s) comprising 385 BEL MARIN COMMERCIAL BUILDING occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

75. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

76. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about August 18, 2011, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.

///
///

1  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

2  relief shall include an order to alter facilities to make such facilities readily accessible to and

3  usable by individuals with disabilities to the extent required by this title."

4       77.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

5  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

6  the Americans with Disabilities Act of 1990, including but not limited to an order granting

7  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

8  deemed to be the prevailing party.

9  **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
10      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant LESLIE C.
        JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-
11      VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, inclusive)
12      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

13      78.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 77 of this complaint.

15      79.    At all times relevant to this action, California Civil Code §54 has provided that

16  persons with physical disabilities are not to be discriminated against because of physical handicap

17  or disability. This section provides that:

18          (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
19          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

80.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

>           (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

81.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

>           (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

82.   Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' individual public accommodations. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the 385 BEL MARIN COMMERCIAL BUILDING because of his knowledge and belief that the building is inaccessible to persons with disabilities.

///

///

1 | California Civil Code §54.3(a) provides:

2 | Any person or persons, firm or corporation, who denies or interferes
3 | with admittance to or enjoyment of the public facilities as specified
    in Sections 54 and 54.1 or otherwise interferes with the rights of an
    individual with a disability under Sections 54, 54.1 and 54.2 is
4 | liable for each offense for the actual damages and any amount as
    may be determined by a jury, or the court sitting without a jury, up
5 | to a maximum of three times the amount of actual damages but in
    no case less than . . .one thousand dollars ($1,000) and . . .
6 | attorney's fees as may be determined by the court in addition
    thereto, suffered by any person denied any of the rights provided in
7 | Sections 54, 54.1 and 54.2.

8 | Civil Code §54.3(a)

9 | 83. On or about April 24, 2009, April 26, 2009, April 27, 2009, April 29, 2009,

10 | June 29, 2009, August 5, 2009, August 17, 2009, September 14, 2009, October 18, 2009, October

11 | 31, 2009, February 11, 2010, February 3, 2011, and February 10, 2011, plaintiff CRAIG YATES

12 | suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied

13 | access to signage, entrances, restrooms, ramping, parking and other public facilities as stated

14 | herein at the 385 BEL MARIN COMMERCIAL BUILDING and on the basis that plaintiff

15 | CRAIG YATES was a person with physical disabilities.

16 | 84. As a result of the denial of equal access to defendant's facilities due to the acts and

17 | omissions of defendant, and each of them, in owning, operating and maintaining these subject

18 | public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

19 | rights under Civil Code §§54, 54.1 and 54.3.

20 | 85. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

21 | anguish, which includes shame, humiliation, embarrassment, upset, frustration, anger,

22 | disappointment and worry when he encountered the architectural barrier(s) as stated herein all of

23 | which are expected and naturally associated with a denial of access to a person with physical

24 | disabilities, all to plaintiff's damages as hereinafter stated.

25 | ///

26 | ///

27 | ///

28 | ///

1   Defendant's actions and omissions to act constituted discrimination against plaintiff on the sole

2   basis that plaintiff is a person with physical disabilities and unable, because of the architectural

3   barriers created and maintained by the defendant in violation of the subject laws, to use the public

4   facilities hereinabove described on a full and equal basis as other persons.

5       86.   Plaintiff has been damaged by defendants', and each of their, wrongful conduct and

6   seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

7   as a person or an entity that represents persons with physical disabilities on or about April 24,

8   2009, April 26, 2009, April 27, 2009, April 29, 2009, June 29, 2009, August 5, 2009, August 17,

9   2009, September 14, 2009, October 18, 2009, October 31, 2009, February 11, 2010, February 3,

10   2011 and February 10, 2011, and on a continuing basis since then, including statutory damages, a

11   trebling of all of actual damages, general and special damages available pursuant to §54.3 of the

12   Civil Code according to proof.

13       87.   As a result of defendant's, and each of their, acts and omissions in this regard,

14   plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

15   plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

16   disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

17   the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

18   reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

19   plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

20   compel the defendants to make their facilities accessible to all members of the public with

21   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

22   the provisions of §1021.5 of the Code of Civil Procedure.

23

24

25

26

27

28

1      88.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2   Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

3   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4   Regulations and these regulations must be complied with as to any alterations and/or

5   modifications of Bay Area Computer Systems of America, Carlos Ramirez Custom Upholstery,

6   Fashion Shoe Repair, Fast Blinds, Happy Garden Restaurant now known as Arun Thai, Project

7   Avary, San Francisco Shade Company and Trin Hong Real Estate and/or the building(s) occurring

8   after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered

9   access requirements pursuant to the "ASA" requirements, the American Standards Association

10   Specifications, A117.1-1961.  On information and belief, at the time of the construction and

11   modification of said building, all buildings and facilities covered were required to conform to

12   each of the standards and specifications described in the American Standards Association

13   Specifications and/or those contained in the California Building Code.

14      89.    Computer stores, restaurants, real estate offices and etc. such as the Bay Area

15   Computer Systems of America, Carlos Ramirez Custom Upholstery, Fashion Shoe Repair, Fast

16   Blinds, Happy Garden Restaurant now known as Arun Thai, Project Avary, San Francisco Shade

17   Company and Trin Hong Real Estate are "public accommodations or facilities" within the

18   meaning of Health & Safety Code §19955, *et seq*.

19      90.    As a result of the actions and failure to act of defendant, and as a result of the

20   failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

21   plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

22   rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

23   facilities.

24   ///

25   ///

26   ///

27   ///

28   ///

1       91.    Attorneys' Fees -- As a result of defendant's acts and omissions in this regard,

2 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

3 civil rights and enforce provisions of the law protecting access for the persons with physical

4 disabilities and prohibiting discrimination against the persons with physical disabilities, and to

5 take such action both in plaintiff's own interests and in order to enforce an important right

6 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

7 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

8 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

9 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

10 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

11 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

12       92.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

13 them, to make the subject place of public accommodation readily accessible to and usable by

14 persons with disabilities.

15 **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**

16 **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

17 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-

18 VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, inclusive)

19 (Civil Code §51, 51.5)

20       93.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

21 the allegations contained in paragraphs 1 through 92 of this complaint.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

94.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability**.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///
///
///
///
///
///
///
///
///

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6         95.     The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

>          No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
suppliers, or customers.

>          As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
limited liability company, or company.

>          Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

20        96.     Defendants' acts and omissions as specified have denied to the plaintiff full and

21 equal accommodations, advantages, facilities, privileges and services in a business establishment,

22 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23 Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25 Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates

26 the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27 §66 *et seq.*, as if repled herein.

28 ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31

1     97.     As a further legal result of the actions and failure to act of defendant, and as a

2 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

4 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

5 disabilities to full and equal access to public facilities.

6     98.     Further, plaintiff CRAIG YATES suffered mental distress, mental

7 suffering, mental anguish. which includes shame, humiliation, embarrassment, frustration, anger,

8 disappointment and worry, all of which are expected and naturally associated with a denial of

9 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

10 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

11 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

12 unable, because of the architectural barriers created and maintained by the defendants in violation

13 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

14 other persons.

15     99.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

16 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

17 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

18 allowed by statute. according to proof if deemed to be the prevailing party.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
4     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant LESLIE C.
5     JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, inclusive)
6     (42 U.S.C. §12101, *et seq.*)

7     1.     For injunctive relief, compelling defendant LESLIE C. JACOBSON, TRUSTEE

8 OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT

9 DATED JUNE 18, 1991, inclusive, to make the 385 BEL MARIN COMMERCIAL BUILDING,

10 located at 385 Bel Marin Keys Boulevard, Novato, California, readily accessible to and usable by

11 individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications

12 in policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

13 services, facilities, privileges, advantages and accommodations being offered.

14     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15 prevailing party; and

16     3.     For such other and further relief as the court may deem proper.

17 **II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
18     **AND 54.3, *ET SEQ.***
19     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-
20     VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, inclusive)
21     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

22     1.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

23 each occasion on which plaintiff was deterred from returning to the subject public

24 accommodation.

25     2.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

26 if plaintiffs are deemed the prevailing party;

27     3.     Treble damages pursuant to Civil Code §54.3;

28

1    4.    General damages according to proof;

2    5.    For all costs of suit;

3    6.    Prejudgment interest pursuant to Civil Code §3291; and

4    7.    Such other and further relief as the court may deem just and proper.

5    **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant LESLIE C. JACOBSON, TRUSTEE OF THE LESLIE C. JACOBSON REVOCABLE INTER-VIVOS TRUST AGREEMENT DATED JUNE 18, 1991, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

10    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

11    for each occasion on which plaintiff was deterred from returning to the subject public

12    accommodation;

13    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

14    party;

15    3.    General damages according to proof;

16    4.    Treble damages pursuant to Civil Code §52(a);

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: _____8/26/11_____, 2011     THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*

                              By: _____
                                  THOMAS E. FRANKOVICH
                                  Attorneys for Plaintiff CRAIG YATES, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: _____8/26/11_____, 2011     THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*

                              By: _____
                                  THOMAS E. FRANKOVICH
                                  Attorneys for Plaintiff CRAIG YATES, an individual

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit E
San Rafael, CA 94903

April 30, 2009

Manager
Bay Computer System of America
385 Bel Marin Keys Blvd., Suite C
Novato, CA 94949

Manager
Happy Garden Chinese Restaurant ✓
385 Bel Marin Keys Blvd.
Novato, CA 94949

Dear Manager(s) of Bay Computer and Happy Garden Restaurant:

Recently, I was at the Happy Garden Chinese Restaurant and Bay Computer System of America. I've been to the Happy Garden Chinese Restaurant a few times, and Bay Computer System of America a couple of times. As you are both at the same location, I thought I'll write both of you about problems I had as a wheelchair user.

Here's a list so you can follow along:

One, there is no parking for the disabled; Two, there is no disabled parking signage; Three, the restaurant does not have any signage that directs you to an accessible entrance. (The first time I was there I couldn't figure out how I'd get to the front entrance. I was lucky and saw someone come out the side entrance); Four, the ramp to the Bay Computer System is too narrow, too steep and too short; Five, the sidewalk seems to narrow when the Bay Computer System door is open and swings out; Six, these problems are the same for the other tenants there; Lastly, the restroom at the Happy Garden Chinese is in accessible. The door pressure is excessive. There's a partition wall with a planter in the corner which interferes with the full swing of the door, no levered handle, dispensers are too high, mirror too high, pipe underneath the sink isn't wrapped, toilet too low, and the grab bars are too short and are in the wrong location.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Happy Garden Restaurant and Bay Computer System are certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Happy Garden Restaurant and Bay Computer System once it's accessible to me. I may still come back before you do the work just because the food is good and reasonable at the Happy Garden and the Computer people at Bay Computer are knowledgeable, and make repairs at affordable prices. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit E
San Rafael, CA 94903

April 30, 2009

Owner of the Building
Bay Computer System of America
385 Bel Marin Keys Blvd , Suite C
Novato, CA 94949

Owner of the Building
Happy Garden Chinese Restaurant
385 Bel Marin Keys Blvd.
Novato, CA 94949

Dear Owner(s) of Building for Bay Computer and Happy Garden Restaurant:

Recently, I was at the Happy Garden Chinese Restaurant and Bay Computer System of America. I've been to the Happy Garden Chinese Restaurant a few times, and Bay Computer System of America a couple of times. As you are both at the same location, I thought I'll write both of you about problems I had as a wheelchair user.

Here's a list so you can follow along:

One, there is no parking for the disabled; Two, there is no disabled parking signage; Three, the restaurant does not have any signage that directs you to an accessible entrance. (The first time I was there I couldn't figure out how I'd get to the front entrance. I was lucky and saw someone come out the side entrance); Four, the ramp to the Bay Computer System is too narrow, too steep and too short; Five, the sidewalk seems to narrow when the Bay Computer System door is open and swings out; Six, these problems are the same for the other tenants there; Lastly, the restroom at the Happy Garden Chinese is in accessible  The door pressure is excessive. There's a partition wall with a planter in the corner which interferes with the full swing of the door, no levered handle, dispensers are too high, mirror too high, pipe underneath the sink isn't wrapped, toilet too low, and the grab bars are too short and are in the wrong location.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing!  If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Happy Garden Restaurant and Bay Computer System are certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Happy Garden Restaurant and Bay Computer System once it's accessible to me. I may still come back before you do the work just because the food is good and reasonable at the Happy Garden and the Computer people at Bay Computer are knowledgeable, and make repairs at affordable prices. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Leslie C. Jacobson
3704 Northridge Drive
Concord, CA  94518
(925) 825-1140


May 7, 2009


Craig Yates
1004 Los Gamos Rd., Unit E
San Rafael, CA  94903


RE:  See attached letter, dated April 30, 2009.

Dear Craig,

Thank you for your helpful letter and since buying the property about seven years ago, I have been planning to hire an architect to address ADA for the building.  As a property owner my challenge is how much money it will cost; but, I have gone ahead and hired an excellent architect this week who will provide us with the required survey and remedies.

I hope to have these issues identified and repaired as soon as possible depending on permits, plans and construction timelines.

Thank you for your kind consideration.


Sincerely,

Les Jacobson
Owner

Craig Yates
1004 Los Gamos Rd, Unit E
San Rafael, CA 94903

April 30, 2009

Owner of the Building
Bay Computer System of America
385 Bel Marin Keys Blvd., Suite C
Novato, CA 94949

Owner of the Building
Happy Garden Chinese Restaurant
385 Bel Marin Keys Blvd.
Novato, CA 94949

Dear Owner(s) of Building for Bay Computer and Happy Garden Restaurant;

Recently, I was at the Happy Garden Chinese Restaurant and Bay Computer System of
America. I've been to the Happy Garden Chinese Restaurant a few times, and Bay Computer
System of America a couple of times. As you are both at the same location, I thought I'll write both
of you about problems I had as a wheelchair user.

Here's a list so you can follow along:

One, there is no parking for the disabled; Two, there is no disabled parking signage; Three,
the restaurant does not have any signage that directs you to an accessible entrance. (The first time I
was there I couldn't figure out how I'd get to the front entrance. I was lucky and saw someone come
out the side entrance); Four, the ramp to the Bay Computer System is too narrow, too steep and too
short; Five, the sidewalk seems to narrow when the Bay Computer System door is open and swings
out; Six, these problems are the same for the other tenants there; Lastly, the restroom at the Happy
Garden Chinese is in accessible. The door pressure is excessive. There's a partition wall with a
planter in the corner which interferes with the full swing of the door, no levered handle, dispensers
are too high, mirror too high, pipe underneath the sink isn't wrapped, toilet too low, and the grab
bars are too short and are in the wrong location.

I thought the landlord and the tenant should know about this. That's why I wrote this
identical letter to both of you. It's like letting the right hand know what the left hand is doing! If
you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me
what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that
time, places like yours were to be made accessible. The Happy Garden Restaurant and Bay
Computer System are certainly more than 20 years old, right? The landlord owns the place and rents
it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20
years of rent, right? So, why with all that money aren't things made right? Can you explain it to
me? I would really like your take on this. What am I missing here?

Anyway. I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Happy Garden Restaurant and Bay Computer System once it's accessible to me. I may still come back before you do the work just because the food is good and reasonable at the Happy Garden and the Computer people at Bay Computer are knowledgeable, and make repairs at affordable prices. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit E
San Rafael, CA 94903

May 19, 2009

Leslie C. Jacobson
3704 Northridge Drive
Concord, CA 94518

Dear Leslie

Thank you for your letter of April 30, 2009. Did you call and get the information from the sources that I gave to you. Dis you talk to your Accountant of the Tax Credit that might be available?

Send me a copy of the survey. Will it be done by the end of June? If not, when will the survey be done? I'm a contractor, the work is not difficult, and in the scheme of things could probably be finished by the end of June or July.

Write me back when you get this letter and tell me what the plan is for 385 Bell Marin Keys.

Sincerely,

Craig Yates

Craig Yates